UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL MARTINEZ LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI HERLONG,<br><br>Respondent. | No. 2:23-cv-00773-AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence. Respondent filed a motion to dismiss, ECF No. 11, and petitioner filed an opposition, ECF No. 16. For the reasons indicated below, the undersigned recommends granting respondent's motion to dismiss.

I.  Factual and Procedural History

On September 12, 2018, petitioner was sentenced to 168 months in federal prison by the United States District Court for the Western District of Missouri. ECF No. 11-1 at 19-26 (docket sheet).

Petitioner, who was confined at FCI-Herlong in this judicial district[1], filed a habeas corpus

---

[1] Petitioner filed a change of address on October 12, 2023 indicating that he was transferred to FCI-Lompoc located within the jurisdiction of the United States District Court for the Central District of California.

1

petition on April 20, 2023.[2]  ECF No. 1.  In this habeas application, petitioner seeks a declaratory judgment that he is entitled to earned time credits ("ETCs") pursuant to the First Step Act of 2018 ("FSA").  ECF No. 1 at 1.  By way of relief, petitioner requests that the court order the Bureau of Prisons ("BOP") to award him time credits pursuant to the FSA that he asserts he has earned.  However, petitioner does not indicate how many time credits he should be awarded by the BOP.  ECF No. 1 at 2 (indicating "TBD").

Respondent's motion to dismiss contends that petitioner failed to exhaust his administrative remedies and is not entitled to the requested relief.  ECF No. 11.  Respondent argues that petitioner lacks standing and failed to state a claim for relief in his § 2241 petition because he is not eligible to receive time credits due to a final order of removal.  ECF No. 11.

In opposition, petitioner asserts that the exhaustion of his administrative remedies is futile and should therefore be excused by the court.  ECF No. 16.  Petitioner also attached several documents to his opposition including a FSA Credit Assessment completed by the Federal Bureau of Prisons dated July 30, 2023, indicating that FTC credits could not be applied because petitioner has a detainer.  ECF No. 16 at 6.  Lastly, petitioner submitted a copy of the immigration detainer he received indicating that he is the subject of a final order of removal.  ECF No. 16 at 9.

Respondent did not file a reply, and the time to do so has expired.  Therefore, the matter is submitted on the papers pursuant to Local Rule 230(l).

II.   Jurisdiction

As a preliminary matter, this court must determine whether jurisdiction lies in this judicial district since petitioner was transferred to a different federal district after he filed the § 2241 petition.  "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."  Francis v. Rison, 894 F.2d 353 (9th Cir. 1990) (quoting Santillanes v. United States Parole Comm'n, 754 F.2d 887, 888 (10th Cir. 1985)).  Having established that jurisdiction is proper in this district, the court turns to the merits of petitioner's § 2241 application.

---

[2] The filing date was calculated using the prison mailbox rule.  Houston v. Lack, 487 U.S. 266 (1988).

III. Analysis

A district court may entertain a petition for a writ of habeas corpus challenging the execution of a federal sentence only on the ground that the sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases allows "the respondent to file an answer, motion or other response" to a habeas corpus petition. See Rule 1(b) of the Rules Governing Section 2254 Cases (allowing the district court to apply the Rules to other habeas corpus petitions). In this case, respondent filed a motion to dismiss asserting that petitioner is statutorily barred from having the FSA time credits applied. "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

The First Step Act of 2018 ("FSA") made several important changes to the duration of federal prison sentences. See Pub. L. No. 115-391, 132 Stat. 5194. As relevant to the pending habeas petition, it created an evidence-based recidivism reduction program that incentivizes inmates to participate in and complete programs and productive activities by awarding them, inter alia, "10 days of time credits…" and "an additional 5 days of time credits for every 30 days of successful participation" if the prisoner is classified as a minimum or low risk of recidivism. 18 U.S.C. § 3632(d)(4)(A)(i).

Certain prisoners are statutorily ineligible to apply earned time credits towards time in prerelease custody or supervised release. Specifically, federal prisoners who are "the subject of a final order of removal under any provision of the immigration laws" are ineligible to apply time credits. 18 U.S.C. § 3632(d)(4)(E)(i); see also 28 C.F.R. § 523.44(a)(2) (stating that "[f]or any inmate eligible to earn FSA Time Credits… who is [s]ubject to a final order of removal under immigration laws ... the Bureau [of Prisons] may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release."). The attachment to petitioner's opposition as well as BOP records, indicate that he is subject to a final order of removal. See ECF No. 11-1 at 7-8 (Declaration of Charles Hubbard). Therefore, petitioner is statutorily barred from having FSA time credits applied to his release date. For this reason, the undersigned recommends that

3

respondent's motion to dismiss be granted for failing to state a claim upon which relief may be granted.[3]

IV.     Plain Language Summary for Pro Se Party

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has determined that you are not entitled to the relief requested in your § 2241 petition because you are subject to a final order of removal.  As a result, your § 2241 petition should be dismissed.  The undersigned recommends granting respondent's motion to dismiss your habeas petition.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result.  Label your explanation as "Objections to Magistrate Judge's Recommendation."  The district judge assigned to your case will make the final decision.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court randomly assign this matter to a district court judge.

2.  The order to show cause issued on October 13, 2023 is discharged.

IT IS FURTHER RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 11) be granted.

2.  Petitioner's application for a writ of habeas corpus (ECF N0. 1) be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

---

[3] In the interests of judicial economy, the court finds it unnecessary to resolve the issue of petitioner's exhaustion of administrative remedies.

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE